IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| TAMARA ALEXANDER, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. H-16-3318 |
| | § | |
| CONVERGENT OUTSOURCING, INC., | § | |
| | § | |
| Defendant. | § | |

## MEMORANDUM AND ORDER

Tamara Alexander filed this suit alleging that Convergent Outsourcing sent her multiple debt-collection letters after the statute of limitations for the collection of the debt had expired. (Docket Entry No. 1). The letters included the "total balance" of the outstanding debt, as well as a "settlement offer" amount that was substantially less than the total amount owed. The debt-collection letters did not disclose that Alexander was not obligated to make a partial payment, or any payment, because the statute of limitations on a debt-collection action had expired. Nor did the letter disclose that if Alexander had made a partial payment, that would revive the statute of limitations.

On September 8, 2016, the Fifth Circuit Court of Appeals issued its opinion in *Daugherty v. Convergent Outsourcing, Inc.*, 836 F.3d 507 (5th Cir. 2016). The opinion held that a debt-collection letter from Convergent Outsourcing with identical language violates the Fair Debt Collection Practices Act. (*Id.*) (citing 15 U.S.C. §§ 1692e, 1692e(2)(A), 1692f). Alexander seeks to certify a class of all individuals in Texas who received a debt-collection letter with the same or similar language and that sought to collect a consumer debt after the statute of limitations had expired.

Convergent Outsourcing moves to stay. (Docket Entry No. 15). A nearly identical case was filed first in the United States District Court for the District of Colorado and is close to a nationwide settlement on a class-wide basis. *Ross v. Convergent Outsourcing, Inc.*, et al, Case No: 1:16-cv-00825. In *Ross*, the plaintiff initially only asserted class claims on behalf of all individuals in Colorado. *Ross v. Convergent Outsourcing, Inc.*, et al, Case No: 1:16-cv-825, Docket Entry Nos. 1, 33. To facilitate a potential nationwide class settlement, the plaintiff filed a second amended complaint including nationwide class allegations on March 28, 2017. *Id.*, Docket Entry No. 51. The parties filed a joint motion for conditional certification of the nationwide class and for preliminary approval of the class settlement on April 14, 2017. *Id.*, Docket Entry No. 56.

A district court has the inherent power to stay cases to control its docket and promote efficient use of judicial resources. *See Ambraco, Inc. v. Bossclip B.V.*, 570 F.3d 233, 243 (5th Cir. 2009) (citing *Landis v. N. Am. Co.*, 299 U.S. 248, 254–55 (1936)); *Ventura v. David's Bridal*, 248 F.3d 1139, 1139 n.2 (5th Cir. 2001). In determining whether a stay is appropriate pending the resolution of another case, a district court must consider various competing interests, including: (1) potential prejudice to plaintiffs from a brief stay; (2) hardship to defendants if the stay is denied; and (3) judicial efficiency in terms of the simplifying or complicating of issues, proof, and questions of law which could be expected to result from a stay. *Coker v. Select Energy Servs., LLC*, 161 F. Supp. 3d 492, 495 (S.D. Tex. 2015) (citing *Trahan v. BP*, CIV.A. H-10-3198, 2010 WL 4065602, at *1 (S.D. Tex. Oct. 15, 2010)).

Alexander does not dispute that *Ross* is nearly identical to this suit. On March 1, 2017, before the second amended complaint or joint motion for class certification and settlement was filed in *Ross*, Alexander indicated at the initial conference that should nationwide certification occur in

*Ross*, that case and class would "subsume" this Texas case and proposed class. (Docket Entry No. 23 at 4). In her response opposing the stay, Alexander changes course. The *Ross* class is defined to include those receiving debt-collection letters from Convergent Outsourcing from April 12, 2015 to April 12, 2016. Alexander seeks to include debt-collection letters sent from November 9, 2015 onward. (Docket Entry No. 26). She contends that despite the overlap of the two class periods, a "substantial percentage" of the putative Texas class members in this case will not be precluded from asserting claims even if the Colorado court approved the nationwide class certification and settlement in *Ross*. But Convergent Outsourcing has produced the proposed nationwide settlement agreement in *Ross* that will include those individuals who were sent debt-collection letters between April 12, 2015 to the date the settlement agreement will be executed as class members; the settlement agreement, if approved, will in fact subsume Alexander's proposed class and claims. (Docket Entry No. 28 at 3; Docket Entry No. 56 at 3). Judicial efficiency and economy are not served by duplicative classes.

Alexander also argues this case should not be stayed because the district court in *Ross* is unlikely to approve the nationwide class or settlement because it is unfair. But Alexander has not seen the settlement paperwork. (Docket Entry No. 26 at 11). The Colorado district court has not yet ruled. Proceeding in this Texas case will require determining the effect of the forthcoming rulings on the nationwide class certification and settlement approval in *Ross*. This factor weighs in favor of a short stay, pending the Colorado court's ruling.

Nor will Alexander be prejudiced by a short stay. If the court in the Colorado case certifies a nationwide settlement class, presumably Alexander can opt-out and pursue an individual claim, or seek to represent others in Texas who opt-out. Alexander argues that Convergent Outsourcing

3

will lose so much of its net worth in the nationwide settlement, that even if some or all of this case proceeds after *Ross* is resolved, there will be nothing left. Again, this is speculation. As Convergent Outsourcing notes, it has been in business for 60 years and has been involved in other litigation during that time. There is no evidence now that the *Ross* settlement will break the bank.

The court agrees with Alexander that an indefinite or lengthy stay is unnecessary. *See Wedgeworth v. Fibreboard Corp.*, 706 F.2d 541, 545 (5th Cir. 1983) (citing *McKnight v. Blanchard*, 667 F.2d 477, 479 (5th Cir.1982) ("Before granting a stay pending the resolution of another case, the court must carefully consider the time reasonably expected for resolution of the 'other case,' in light of the principle that 'stay orders will be reversed when they are found to be immoderate or of an indefinite duration.'"). In similar cases involving parallel actions, courts have stayed suits for 60 days in light of "advanced settlement negotiations" in separate class actions filed in other districts. *See In re JPMorgan Chase LPI Hazard Litig.*, Civ. No. C-11-03058, 2013 WL 3829271, at *5 (N.D. Cal. July 23, 2013); *Jaffe v. Morgan Stanley DW, Inc.*, Civ. No. C06-3903 , 2007 WL 163196, at *1 (N.D. Cal. Jan. 19, 2007). The court follows this guidance and concludes that a 60-day stay in the proceedings is appropriate.

Convergent Outsourcing's motion to stay the proceedings is granted. (Docket Entry No. 15). This case is stayed for 60 days; outstanding deadlines are continued for that period. A status conference is set for **July 6, 2017, at 10:00 a.m.**

SIGNED on April 18, 2017, at Houston, Texas.

_____
Lee H. Rosenthal
Chief United States District Judge

4