United States District Court
Southern District of Texas

**ENTERED**

July 17, 2017

David J. Bradley, Clerk

### IN THE UNITED STATES DISTRICT COURT
### FOR THE SOUTHERN DISTRICT OF TEXAS
### HOUSTON DIVISION

| | | |
|---|---|---|
| TAMARA ALEXANDER, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. H-16-3318 |
| | § | |
| CONVERGENT OUTSOURCING, INC., | § | |
| | § | |
| Defendant. | § | |

### MEMORANDUM AND ORDER

Tamara Alexander alleges that Convergent Outsourcing violated the Fair Debt Collection Practices Act by sending her multiple debt-collection letters after the statute of limitations for suing to collect the debt had expired. (Docket Entry No. 1). The letters stated the "total balance" of the outstanding debt and made a "settlement offer" that was substantially less than the total amount owed. The debt-collection letters did not disclose that Alexander was not obligated to make any payment because the statute of limitations on a debt-collection action had expired. Nor did the letter disclose that if Alexander made a partial payment, that would revive the statute of limitations.

On September 8, 2016, the Fifth Circuit Court of Appeals issued *Daugherty v. Convergent Outsourcing, Inc.*, 836 F.3d 507 (5th Cir. 2016). The opinion held that an identical debt-collection letter from Convergent Outsourcing violates the Fair Debt Collection Practices Act. (*Id.*) (citing 15 U.S.C. §§ 1692e, 1692e(2)(A), 1692f). Alexander seeks to certify a class of Texas consumers who received one or more debt-collection letters with the same or similar language after the statute of limitations had expired.

Convergent Outsourcing moved to stay on the basis of an earlier-filed, nearly identical case in the United States District Court for the District of Colorado. *Ross v. Convergent Outsourcing,*

*Inc.*, et al, Case No: 1:16.  In *Ross*, the plaintiff initially asserted class claims only on behalf of

individuals in Colorado who received debt-collection letters from Convergent Outsourcing after

limitations had expired..  A potential global settlement agreement led the *Ross* plaintiffs to file a

second amended complaint asserting a nationwide class on March 28, 2017.  *Id.*, Docket Entry No.

51.  The parties in *Ross* filed a joint motion for conditional certification of the nationwide class and

for preliminary approval of the class settlement on April 14, 2017.  *Id.*, Docket Entry No. 56.  The

nationwide class would subsume this Texas class.  (Docket Entry No. 23 at 4).  In light of these

developments, this court granted Convergent Outsourcing's motion to stay for 60 days.  (Docket

Entry No. 32).  The stay ended on June 17, 2017.  Convergent Outsourcing now moves to extend

the stay.  (Docket Entry No. 34).

Since the court granted the first stay, much has happened in *Ross*.  Motions to intervene have

been filed, including a motion to intervene by the plaintiff in this suit.  The submission  date for

those motions is early August.  Despite filing a motion to intervene in the Colorado suit, Alexander

opposes extending the stay in this case.  (Docket Entry No. 26).

A district court has the inherent power to stay cases to control its docket and promote the

efficient use of judicial resources.  *See Ambraco, Inc. v. Bossclip B.V.*, 570 F.3d 233, 243 (5th Cir.

2009) (citing *Landis v. N. Am. Co.*, 299 U.S. 248, 254–55 (1936)); *Ventura v. David's Bridal*, 248

F.3d 1139, 1139 n.2 (5th Cir. 2001).  In determining whether a parallel pending case makes a stay

appropriate, a district court must consider various interests, including: (1) the potential prejudice to

the plaintiffs if a stay is granted; (2) the potential hardship to the defendants if the stay is denied; and

(3) the impact on the courts in terms of simplifying or complicating the fact issues, the evidence, and

the legal issues.  *Coker v. Select Energy Servs., LLC*, 161 F. Supp. 3d 492, 495 (S.D. Tex. 2015) (citing *Trahan v. BP*, CIV.A. H-10-3198, 2010 WL 4065602, at \*1 (S.D. Tex. Oct. 15, 2010)).

The reasons for granting the first stay continue to apply.  (Docket Entry No. 32).  The nationwide settlement class in the Colorado litigation is closer to decision.  If it is approved, it would subsume this Texas class action.  (Docket Entry No. 23 at 4).  Alexander argued in her initial opposition to the stay that the Texas plaintiffs could be harmed because Convergent Outsourcing could run out of money in the face of a nationwide settlement before paying the Texas claims.  There is no factual basis to support a fear that the *Ross* settlement, if approved, would so deplete Convergent's assets as to deny the Texas plaintiffs any recovery.

Alexander also continues to contend that this case could be significantly delayed if it cannot progress until the Colorado class certification is resolved.  Currently stalling progress in the *Ross* case are the number of motions to intervene, Alexander's among them.  On one hand, Alexander argues that the *Ross* class issues are taking too long to resolve; on the other hand, she is contributing to the delay.

At the same time, Alexander is right that a prolonged or indefinite stay of this litigation is unwise.  But it is also unnecessary.  This court can enter a short stay.  *See Wedgeworth v. Fibreboard Corp.*, 706 F.2d 541, 545 (5th Cir. 1983) (citing *McKnight v. Blanchard*, 667 F.2d 477, 479 (5th Cir.1982) ("Before granting a stay pending the resolution of another case, the court must carefully consider the time reasonably expected for resolution of the 'other case,' in light of the principle that 'stay orders will be reversed when they are found to be immoderate or of an indefinite duration.'").  That will allow the motions to intervene in the Colorado *Ross* case, including Alexander's motion, to be resolved before this Texas case continues.  The resolution of those

3

motions will impact this litigation, the fate of the nationwide class, provide a timeline for preliminary approval of a nationwide class, and will give this court better guidance on how to proceed in this case.

Convergent Outsourcing's motion to extend the stay of the proceedings is granted.  (Docket Entry No. 34).  This case is stayed until October 16, 2017, *or* until 14 days after the motions to intervene in the *Ross* litigation are resolved, whichever is earliest.  The parties must file a joint status update on the *Ross* litigation on August 14, 2017 and September 18, 2017.  The parties will appear at a status conference on **October 5, 2017 at 10:00 a.m.** in Courtroom 11-B.   If the motions to intervene are decided before October 16, 2017, this court may reset the status conference within 14 days of that decision, or may issue a temporary extension of the stay until the parties can appear before the court.

SIGNED on July 17, 2017, at Houston, Texas.

Lee H. Rosenthal
Chief United States District Judge